## Rudman's Estate. Browne's Appeal (No. 1).

*Wills—Power of appointment—Construction—Intention.*

Testatrix by will gave one-fifth of her residuary estate in trust for a married daughter for her sole and separate use, and at her death in trust to pay over the one-fifth part of "my said residuary

estate unto all and every the child and children of my said daughter......that shall then be living and the lawful issue of such of them as may then be deceased......Provided always......that in case any of my......daughters shall be single and unmarried at the time, or shall be discovert, then and during such time I authorize and empower them respectively by any instrument in writing in the nature of a last will......to give, devise and bequeath......(the) part of the capital or principal of my said residuary estate" to which she would be entitled "to such person or persons and for such estate or estates as they shall see fit;" the daughter having married was divorced in the lifetime of the testatrix and thereafter died leaving a daughter to whom she bequeathed her share of her mother's estate in trust; the daughter contended that her mother had no power of appointment unless she should die discovert and without issue, and that she took a fee under her grandmother's will. *Held*, that the purpose of the testatrix was to exclude any husband of her daughter from participating in the estate and that the testatrix's daughter being discovert had power to appoint the fund.

Argued Jan. 8, 1914.   Appeal, No. 231, Jan. T., 1913, by Carlotta H. Browne, from decree of O. C., Philadelphia Co., Jan. T., 1883, No. 143, sustaining exceptions to adjudication in Estate of Ann Rudman, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Exceptions to adjudication.

The opinion of the Supreme Court states the facts.

The court sustained exceptions in an opinion filed by LAMORELLE, J.

*Errors assigned* were in sustaining the exceptions.

*Harvey Gourley,* with him *John W. Brock, Jr.,* and *Henry S. Cattell,* for appellant.

*I. Hazleton Mirkil,* with him *Franklin L. Lyle,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 23, 1914:

On this appeal but one point is presented for our determination, and that is correctly stated in the question involved, as follows: Whether the will of Ann Rudman vested in Victoria A. Browne a power of appointment in the one event of the latter's being single or discovert, or whether such power might be exercised by her only in the double event of being both without issue and single or discovert.

Ann Rudman died November 20, 1881, leaving a will in which she provided for five children, including Victoria A. Browne, the mother of Carlotta H. Browne, the appellant. On the death of the testatrix, Victoria A. Browne, was discovert, having been previously divorced from her husband; she died in December, 1912, leaving the appellant as her only child, and by her will she gave her entire estate in trust for the latter. Upon the adjudication of the account of the trustees under the will of Ann Rudman, deceased, Carlotta H. Browne claimed the estate here in question, absolutely and free of the trust sought to be created by the will of her mother. The appellant contends that since Victoria A. Browne left a child surviving, under the terms of the will of Ann Rudman, she had no power to appoint, and the fund in question passed directly to her, Carlotta H. Browne, without regard to the trust created by the will of her mother.

The following excerpts from the will of Ann Rudman state all that is necessary to an understanding of the present case: "All the rest,......of my estate........I give, in a manner following, to wit—......One other full equal fifth part thereof unto Silas Yerks, Junior—....in trust to pay the......income thereof......unto my daughter Victoria A. Browne for her sole and separate use......during all the term of her natural life without the control or interference of her present or any future husband......And from and immediately after

her decease, then in trust to......pay over the said one-fifth part of my said residuary estate unto all and every the child and children of my said daughter Victoria A. Browne that shall then be living and the lawful issue of such of them as may then be deceased......And in case any of my......daughters shall depart this life without leaving any child or children or lawful issue.......then from and immediately after the decease of such daughter ......I give......the part and share of my estate the interest and income of which......(she was) entitled to receive during life to such of my other daughters that shall then be living and the lawful issue of such of them as may then be deceased......Provided always...... that in case any of my......daughters shall be single and unmarried at the time, or shall be discovert, then and during such time I authorize and empower them respectively by any instrument in writing in the nature of a last will......to give devise and bequeath......a part of the capital or principal of my said residuary estate......equal in proportion to the part of the...... income of my estate which such daughters respectively were entitled to receive at the time of their respective decease to such person or persons and for such estate and estates as they my said daughters respectively shall see fit, and in such case I order and direct my said trustee to grant, convey, assign and pay over such capital or principal unto such legatee, devisee or appointee—And in default of such testamentary disposition the capital or principal to be disposed of as hereinbefore mentioned and provided for."

The court below decided that under the above will Victoria A. Browne, being discovert, had power to appoint the principal of her share, notwithstanding the fact that she left a child surviving, and awarded the fund to her executors. In expressing the view of the court, LAMORELLE, J., states, "While it is true...:... that a life-estate is given to Victoria A. Browne, with remainder to her surviving children......,it is equally

true that, under certain conditions, an absolute and unlimited power of appointment is given her. The proviso is as broad as the original gift; they both stand together and are equally effective. That the testatrix intended the proviso to be effective in any and every event, conditioned, of course, on Victoria's being discovert, is shown by the concluding paragraph of the portion of the will above quoted: 'And in default of such testamentary disposition the capital or principal to be disposed of as hereinbefore mentioned.......' If a daughter was 'single' at the time of the execution of her will, she might exercise her power—so, also, if she were at the time 'unmarried.' 'Single' and 'unmarried' are properly intended to express the same thought; but 'discovert' has a wider application and introduces a new and different thought: 'Shall be single and unmarried......, or shall be discovert' is the language of the will, and there is no authority for adding the words 'and without child or children,' and making it a condition upon which the donee may exercise the power: The evident purpose was to exclude any husband from participating in the estate, and, he being thus disposed of, the mother had no desire to hamper her daughter, and no intention to provide for grandchildren, unless the daughter did not care to appoint." This excerpt from the opinion of the court below correctly and sufficiently covers the one point that is properly before us for determination.

The assignment of error which goes to the decree is overruled and the others are dismissed. The decree is affirmed at the costs of the appellant.